UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-21346-CIV-SEITZ/O'SULLIVAN

CAPITAL RENTAL AGENCY, INC., *et al.*,

    Plaintiffs,

v.

MATTIE LOMAX,

    Defendant.
_____/

## ORDER DENYING MOTION

THIS MATTER is before the Court upon the Defendant's[1] Motion for Reconsideration [DE-8], which seeks, for a second time, reconsideration of the Court's order remanding this case to state court for lack of subject matter jurisdiction. Although the Motion states that it is brought pursuant to Federal Rule of Civil Procedure 59(e), Rule 59(e) is inapplicable because no final judgment was entered in this case. Thus, the Court will treat this as a motion filed pursuant to Federal Rule of Civil Procedure 60(b). Rule 60(b) enumerates six bases for relief from a judgment or order:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

---

[1] The document is actually titled "Plaintiff's Motion for Reconsideration." However, it was filed by Defendant.

Thus, in order to obtain relief, Defendant must satisfy one of these bases for relief. Defendant has not met this burden.

Defendant's Motion argues that neither the *Rooker-Feldman* doctrine or the *Younger* abstention doctrine apply to this case. However, these doctrines were not the basis of the Court's remand order. The matter was remanded because the Court simply lacked subject matter jurisdiction over an eviction proceeding. Thus, Defendant's argument that the Court cannot remand an action over which it has original jurisdiction also fails because the Court does not have original jurisdiction over an eviction proceeding. Defendant has not offered any argument to show otherwise. Accordingly, it is hereby

ORDERED that

1) Defendant's Motion for Reconsideration [DE-8] is DENIED.

2) This case remains CLOSED.

DONE and ORDERED in Miami, Florida, this 18th day of February, 2010.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record/*Pro Se* Parties